# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6223 | **DATE** | 3/12/2001 |
| **CASE TITLE** | LEONARDO GUERRIDO, et al. vs. THE CITY OF CHICAGO, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] State defendants' motion to dismiss [26-1] is granted as to Counts IV and V and denied as to Count I. The city's and defendant police officers' motion for judgment on Counts II and III [27-1] is granted. Defendants shall answer Count I by March 20, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2001 | |
| | Notified counsel by telephone. | | date docketed | 32 |
| | Docketing to mail notices. | | *M* | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/12/2001 | |
| | | | date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARDO GUERRIDO and JUDY DIAZ for themselves and on behalf of their minor child LEONARDO DIAZ, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 00 C 6223 |
| | ) | Suzanne B. Conlon, Judge |
| v. | ) ) | |
| THE CITY OF CHICAGO, et al. | ) ) | **DOCKETED** |
| Defendant. | ) ) | **MAR 1 4 2001** |

## MEMORANDUM OPINION AND ORDER

Leonardo Guerrido ("Guerrido") and Judy Diaz ("Diaz"), on behalf of themselves and their minor child Leonardo Diaz ("Leonardo") (collectively "plaintiffs"), sue the following defendants: (1) the City of Chicago ("the city"); (2) the Chicago Police Department ("the police department"); (3) J. Cacciatore ("Cacciatore"), B. Ford, K. Weaver, T. Kucharski, and other unknown police officers, individually and in their official capacities ("defendant officers"); and (4) Jess McDonald, Erma Jiminez ("Jiminez"), Michelle Anderson ("Anderson"), and other unknown Department of Children and Family Services ("DCFS") employees, in their individual capacities ("state defendants") (collectively "defendants").[1] Plaintiffs sue all defendants for violation of constitutional rights under 42 U.S.C. § 1983 ("§ 1983") (Count I). Plaintiffs sue the city and defendant police officers for malicious prosecution (Count II) and false arrest and imprisonment (Count III). Plaintiffs sue state defendants for alienation of affection (Count IV) and intentional infliction of mental distress (Count V). The state defendants moves to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6). The city and defendant

---

[1] Antonio Fernandez was voluntarily dismissed.

officers move for judgment on Counts II and III of plaintiffs' first amended complaint, pursuant to Fed.R.Civ.P. 12(c). Plaintiffs have failed to respond.

## BACKGROUND

### I. The parties

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Plaintiffs Guerrido and Diaz are married and have at least two children. Leonardo is one of their children. At all relevant times, Jiminez and Anderson were DCFS social workers. McDonald was director of DCFS. Cacciatore, Ford, Weaver, and Kucharski were Chicago police officers.

### II. Events giving rise to the dispute

On October 11, 1998, Guerrido and Diaz were sitting in their car by a Chicago city park. Leonardo was sitting in his car seat. Plaintiffs claim Officer Cacciatore approached their car and addressed them with racially offensive language.[2] Next, Officer Cacciatore stated he observed drug paraphernalia in their car and called the other defendant officers to the scene. The officers placed Guerrido and Diaz under arrest, charging them with unlawful possession of a hypodermic needle, possession of a controlled substance, and child endangerment. At plaintiffs' preliminary hearing on November 4, 1998, the Cook County circuit court ruled that defendant officers arrested plaintiffs without probable cause. The drug charges were dropped.

---

[2]Guerrido and Diaz are Hispanic-American. Although it is not entirely clear from the complaint, it appears plaintiffs allege Cacciatore is also Hispanic-American. *See* Cmplt. at ¶ 12.

2

At the time of Guerrido's and Diaz's arrest, Jiminez removed Leonardo from their custody. State defendants placed Leonardo in the custody of a relative. While Leonardo was in the relative's custody, state defendants did not allow Diaz to see Leonardo without supervision or for longer than an hour per day. In addition, plaintiffs claim state defendants visited Diaz's home, subjecting her to harassment, intimidation, and coercion. Anderson and Jiminez threatened on several occasions to take Diaz's other child into custody if she did not submit to a 21 day drug treatment program and give them urine samples. Diaz complied with their requests. State defendants never held a hearing prior to taking Leonardo into their custody. Four months after Leonardo was taken from his home, the Cook County circuit court found plaintiffs not guilty of child endangerment. State defendants subsequently returned Leonardo to plaintiffs' custody.

### III. Plaintiffs' claims

Plaintiffs contend state defendants violated their due process rights when they removed Leonardo from their custody. Plaintiffs further contend state defendants engaged in a pattern of racial harassment against them. Finally, plaintiffs assert McDonald is partly responsible for these alleged constitutional violations because he maintained and enforced policies that exhibited deliberate indifference to constitutional rights. These policies include: (1) inadequate and reckless supervision of DCFS employees who engage in patterns of improper conduct; (2) racial profiling, whereby DCFS employees use intimidation and coercion against racial minority parents for reasons based primarily on their race; and (3) denying racial minorities due process before taking their children into DCFS custody.

Plaintiffs assert defendant police officers violated their Fourth and Fourteenth Amendment rights by arresting them without probable cause or reasonable suspicion. Plaintiffs further assert one

3

or more of the defendant police officers engage in the practice of arresting racial minorities without probable cause. Finally, plaintiffs contend the city and the police department are partly responsible for these alleged constitutional violations because they maintained and enforced policies that exhibited deliberate indifference to constitutional rights. These policies include: (1) allowing improper and reckless police investigations by officers accused of misconduct in the past; (2) inadequate supervision and training of police officers; and (3) racial profiling, whereby police officers stop or arrest racial minorities based primarily on their race.

## DISCUSSION

### I. Motion to dismiss

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

### II. The 12(c) motion

The city and defendant police officers move for judgment in their favor on plaintiffs' false arrest, false imprisonment, and malicious prosecution claims. The claims are based on state tort law and, therefore, are governed by the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS § 10/1-101 *et seq*. The act sets a one-year statute of limitations for the filing of civil actions against the city or its employees. *Id.* at § 8-101. The limitations period begins running at the

time plaintiffs knew or reasonably should have known a wrongfully caused injury occurred. *Whitlock Corp. v. Deloitte & Touche, L.L.P.*, 233 F.3d 1063, 1065 (7th Cir. 2000) (internal citations omitted). The limitations period for a false arrest claim begins to run on the day of arrest. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). The limitations period for a malicious prosecution claim begins to run when the criminal proceedings are terminated in plaintiff's favor. *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998).

Plaintiffs missed the one-year statute of limitations deadline for their false arrest and malicious prosecution claims. Defendant officers arrested plaintiffs on October 11, 1998. Plaintiffs' prosecution for narcotics-related offenses ended on November 4, 1998. Plaintiffs' child endangerment case concluded on September 14, 1999. However, plaintiffs did not file their original complaint until October 10, 2000, almost two years after the arrest and narcotics prosecution and more than one year after the child endangerment case.[3] Accordingly, Counts II and III must be dismissed with prejudice.

## III. The 12(b)(6) motion

### A. Alienation of affections

Plaintiffs allege state defendants are liable for alienation of affections. To state a claim for alienation of affections under Illinois law, plaintiffs must allege: "(1) love and affection of the spouse for the plaintiff; (2) actual damages; and (3) overt acts, conduct or enticement on the part of defendants causing those affections to depart." *Roberts v. Zemen*, 191 F.R.D. 575, 576 (N.D. Ill. 2000). Plaintiffs fail to satisfy the pleading requirements for an alienation of affections claim. They do not allege that there was love and affection between them or that state defendants' conduct eliminated any existing affections. In addition, they do not allege actual damages, such as loss of the

---

[3]Plaintiffs filed a first amended complaint on January 19, 2001.

5

estranged spouse's income. *See id.* Plaintiffs request punitive damages and attorneys fees, but the alienation of affection tort limits recovery solely to actual damages. *Id.* Accordingly, Count IV must be dismissed without prejudice.

### B. Intentional infliction of emotional distress

Plaintiffs allege state defendants are liable for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, plaintiffs must allege: (1) defendants' conduct was extreme and outrageous; (2) defendants intended to inflict severe emotional distress or knew such infliction was likely; and (3) defendants' conduct caused severe emotional distress. *Van Stan v. Fancy Colours & Co.,* 125 F.3d 563, 567 (7th Cir. 1997). Plaintiffs have failed to allege state defendants intended to inflict severe emotional distress or knew such infliction was likely. Furthermore, plaintiffs have failed to allege or give any facts suggesting defendants' conduct was extreme and outrageous. Conduct is extreme and outrageous only if "the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* Plaintiffs have not satisfied the basic pleading requirements for an intentional infliction of emotional distress claim. Accordingly, Count V must be dismissed without prejudice.

### C. Section 1983

In order to recover under § 1983, plaintiffs must establish they were deprived of their constitutional rights by an individual acting under the color of state law. *See* 42 U.S.C. § 1983; *Pickrel v. Springfield,* 45 F.3d 115, 118 (7th Cir. 1985). Plaintiffs claim state defendants deprived them of their due process rights by failing to hold a hearing before or soon after taking Leonardo into custody. The Fourteenth Amendment prohibits a state from depriving individuals of their liberty without due process of law. *Lossman v. Pekarske,* 707 F.2d 288, 290 (7th Cir. 1983). This liberty

includes the custody that state law gives to parents of minor children. *Id.* Therefore, plaintiffs meet the initial requirement of alleging their liberty interests were at stake.

The next question that must be determined is whether plaintiffs sufficiently allege a denial of due process. State defendants cite *Lossman* to stand for the proposition that plaintiffs received their due process rights during the child endangerment hearing. However, their citation to this case is an oversimplification. In *Lossman,* a hearing was held approximately two weeks after the plaintiff's child was taken into custody, and after the hearing the court found the plaintiff was a menace to his child. *Id.* at 292. The Seventh Circuit held the plaintiff could not establish a due process violation because an earlier hearing would not have prevented his deprivation. *Id.* at 291. Guerrido's and Diaz's case is distinguishable because the hearing took place four months, not merely two weeks, after Leonardo was taken into custody. Moreover, the court ultimately found plaintiffs were not guilty of child endangerment. Therefore, plaintiffs possibly sustained damage as a result of the hearing delay. Based on the allegations in the complaint, it is possible the court could find plaintiffs' due process rights were violated by the four month hearing delay. *See id* at 291 ("there is no denial of due process in refusing to grant a full adversary hearing before taking away property or liberty, so long as such a hearing is provided later. . .and there is justification for delay").

Plaintiffs further allege state defendants violated their equal protection rights by subjecting them to a pattern of racially discriminatory acts and maintaining policies of racial discrimination. State defendants contend McDonald is not a proper defendant because he was not directly involved in any of the actions of which plaintiffs complain. Supervisors may be held liable under § 1983 if they approve their employees' misconduct and its basis. *Gossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir. 1997). Plaintiffs allege McDonald made and enforced DCFS employee policies that encouraged

7

discrimination against racial minorities. Making policies is a form of facilitating conduct. Supervisors can be held liable for approving employee misconduct when they act as facilitators. *See id.* Therefore, plaintiffs have sufficiently alleged a violation of § 1983 on the part of McDonald.[4]

State defendants further contend they are entitled to qualified immunity. Public officials have qualified immunity from liability in § 1983 suits "if the law at that time was not clearly established, [such that] an official could not reasonably be expected to anticipate subsequent legal developments, nor could he be fairly said to 'know' that the law forbade conduct not previously identified as unlawful." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal citations omitted). The plaintiff bears the burden of proving a clearly established right. *Hannon v. Turnage*, 892 F.2d 653, 655 (7th Cir. 1990). "[W]here a plaintiff's complaint, even when accepted as true, [does] not state a cognizable violation of constitutional rights, then the plaintiff's claim fails." *Lanigan v. Village of Hazelcrest*, 110 F.3d 467, 472 (7th Cir. 1997).

Plaintiffs' complaint states cognizable violations of constitutional rights, namely deprivation of liberty without due process and racial discrimination. Since at least 1983, it has been clear that parents are entitled to a prompt hearing when they are deprived of their children's custody. *See e.g., Lossman*, 707 F.2d at 291. Since at least 1997, it has been clear that the director of the DCFS can be held liable under § 1983 if he facilitates his employees violations of § 1983. See e.g., *Grossmeyer*, 128 F.3d at 495. Accordingly, the qualified immunity defense does not warrant dismissal of Count I.

---

[4]State defendants further contend plaintiffs have only alleged a single act by McDonald, namely maintaining and enforcing discriminatory policies. However, read in a light most favorable to plaintiffs, the complaint alleges repeated enforcement of discriminatory policies.

8

## CONCLUSION

State defendants' motion to dismiss is granted as to Counts IV and V and denied as to Count I. The city's and defendant police officers' motion for judgment on Counts II and III is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 12, 2001